UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RN BELLINGER, *et al.*,<br><br>    Defendants. | Case No. C18-151-JCC-JPD<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO DISPOSITIVE MOTIONS AND DENYING APPOINTMENT OF COUNSEL |

This matter comes before the Court upon plaintiff's motion for appointment of counsel and motions requesting an extension of time to respond to the defendants' pending dispositive motions until he is released from custody. Dkts. 28-29, 45. Specifically, plaintiff requests an extension of time "to anytime in August when I am released," and asks that counsel be assigned to help him due to his medical conditions which make it difficult for him to sit and focus for an period of extended time. Dkt. 28 at 1; Dkt. 29 at 1-2; Dkt. 45 at 1-3.

Plaintiff's motion for appointment of counsel, Dkt. 29, is DENIED. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v.*

ORDER
PAGE - 1

*$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, the Court finds that plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel at this time. To date, plaintiff has yet to offer evidence to suggest that this case is likely to succeed on the merits. In addition, it is not clear that plaintiff is unable to articulate the legal and factual bases of his claims. Accordingly, the Court concludes that appointment of counsel is not appropriate. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The King County Jail website reflects that plaintiff was released from custody in early July. Accordingly, the Court GRANTS plaintiff's request for an extension of time to respond to defendants' pending dispositive motions. Dkt. 28. Plaintiff should respond to defendants' motion for judgment on the pleadings, Dkt. 25, motion for joinder, Dkt. 37, and motion for summary judgment, Dkt. 39, by no later than **Monday, August 27, 2018**. If defendants wish to reply, they may do so by no later than **Friday, August 31, 2018.**

The Clerk is directed to send a copy of this Order to plaintiff at his Kirkland mailing address, as he is no longer incarcerated at the King County Jail, and update his address on the docket accordingly. In addition, the Clerk shall RE-NOTE defendants' motions, Dkts. 25, 37,

ORDER
PAGE - 2

39, for consideration on **Friday, August 31, 2018**, and send a copy of this Order to the Honorable John C. Coughenour.

DATED this 27th day of July, 2018.

/s/ James P. Donohue
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER
PAGE - 3